**Michael D. WESLEY, Plaintiff–Appellant,**

v.

**Officer McKNIGHT, Vicky Knight, Defendants–Appellees.**

No. 08–0015–pr.

United States Court of Appeals,
Second Circuit.

April 17, 2009.

Michael D. Wesley, East Elmhurst, NY, pro se.

Marta Ross, Assistant Corporation Counsel, New York City Law Department, New York, NY, for Appellee.

PRESENT: Hon. CHESTER J. STRAUB, Hon. SONIA SOTOMAYOR and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Appellant Michael D. Wesley, *pro se*, appeals the district court's judgment, pursuant to a jury verdict, in favor of the defendant, Officer Vicky Knight, in Wesley's action alleging interference with his adherence to Muslim dietary guidelines during his incarceration, in violation of the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb–2, and 42 U.S.C. § 1983, based on violations of the First and Fourteenth Amendments. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews the district court's evidentiary rulings for abuse of discretion. *Arlio v. Lively,* 474 F.3d 46, 51 (2d Cir. 2007). "[A] new trial should be granted only if a substantial right of a party is affected[,] as when a jury's judgment would be swayed in a material fashion by the error." *Id.*

■ Here, any error by the district court in admitting Wesley's deposition testimony from a prior action was harmless because no substantial right was affected. While the deposition testimony that was introduced dealt with Wesley's religious beliefs and his alleged injury, the jury verdict turned instead on the issue of Knight's personal responsibility. To the extent that the determination of Knight's responsibility turned on Knight's and Wesley's conflicting testimony regarding what, if any, complaints were raised to Knight, Wesley's credibility may have been diminished by the impeachment. However, in light of the defense's production of a witness to corroborate Knight's testimony regarding Knight's lack of authority over the food service procedures, it cannot be said that the jury's minds would have been "swayed in a material fashion." *Id.*

■ Regarding his argument that counsel was not allowed to demonstrate how the food was prepared or by whom, Wesley appears, at least in part, to be challenging the district court's decision to strike as irrelevant his testimony regarding cross-contamination that occurred while another officer was supervising the kitchen. The district court did not err in that decision. Although Wesley contends that the officers worked "collectively," the sole defendant at trial was Knight, and evidence of other officers' actions would not tend to make it more or less probable that Knight had, acting under the color of state law, deprived Wesley of his right to freely exercise his religion. *See* 42 U.S.C. § 1983; Fed.R.Evid. 401. To the extent that Wesley is arguing that he should have been able to present any evidence that he did not attempt to introduce at trial, this Court will generally not consider issues raised for the first time on appeal. *See Westinghouse Credit Corp. v. D'Urso,* 371 F.3d 96, 103 (2d Cir.2004).

Finally, Wesley's claims regarding his attorney's performance cannot provide a basis for reversing the district court's judgment, as it is well settled that the Sixth Amendment right to counsel does not apply in civil cases. *See United States v. Coven,* 662 F.2d 162, 176 (2d Cir.1981).

Accordingly, there is no basis on which to challenge the judgment of the district court.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**